Considered by ARUNDELL and STERNHAGEN.

---

R. M. ROGERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

KATIE ROGERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 10842, 10843. Promulgated July 25, 1927.

*E. D. Gatlin, Esq.*, for the petitioners.
*Shelby S. Faulkner, Esq.*, for the respondent.

MILLIKEN: These proceedings have been consolidated by agreement and involve the following deficiencies in income tax for the year 1920:

| | |
|---|---|
| R. M. Rogers | $1,180.22 |
| Katie Rogers | 971.79 |

108346°—28——48

These deficiencies arise from the fact that the respondent has included in the gross income of the petitioners, at their face value, certain promissory notes given in part consideration for the granting of an oil and gas lease. The sole question presented is the value of these notes at the time they were received by petitioners.

### FINDINGS OF FACT.

The petitioners, R. M. Rogers and Katie Rogers, were, at all times herein mentioned, husband and wife, and the owners in community on an undivided one-third interest in the parcel of land hereinafter described, situated in Stephens County, Texas. On March 30, 1920, the petitioner, R. M. Rogers, together with his coowners, executed and delivered to C. E. Cooper and R. H. Henderson, an oil and gas lease, the material parts of which read:

### OIL AND GAS LEASE.

AGREEMENT, Made and entered into this 30th day of March, A. D. 1920, by and between N. N. Rosenquest, J. R. Coody and R. M. Rogers of Stephens County, Texas, hereinafter called Lessors, and C. E. Cooper and R. H. Henderson, of Stephens County, Texas, hereinafter called Lessee:

Witnesseth: That the said lessors, for and in consideration of Ten & no/100 ($10.00) Dollars cash in hand paid, the receipt of which is hereby acknowledged and other good and valuable considerations, as hereinafter set out and of the covenants and agreements hereinafter contained on the part of the lessees to be paid, kept and performed, have granted, demised, leased and let, and by these presents do grant, lease and let unto the said lessees for the sole and only purpose of mining and operating for oil and gas, and of laying pipe lines and of building tanks, power, stations and structures thereon to produce, save and take care of said products all that certain tract of land situated in the county of Stephens, State of Texas, described as follows, to-wit:

Being 40 acres of land, and being the W one-half of the North one-half of the N. E. Quarter of Section No. 3, Lunatic Asylum land, in Stephens County, Texas, and being a part of the same land patented to B. B. Meaders on April 9, 1878.

It is agreed that this lease shall remain in force for a term of two years from this date, and as long thereafter as oil or gas or either of them is produced from said land by the lessees in paying quantities.

In consideration of the premises, the said lessees covenant and agree:

First: To deliver to the credit of lessors free of cost in the pipe line to which said wells may be connected, the equal one-eighth part of all oil produced and saved from the leased premises.

Second: To pay the lessors the equal one-eighth part of the proceeds of all gas from each well where only gas is found, or at the option of lessors, to deliver same into pipe lines to their credit, free of cost, while the same is being used off the premises.

Third: To pay lessors for gas produced from any oil well and used off the premises, at the rate of the equal one-eighth part of the proceeds from same for the time during which such gas shall be used, or at the option of lessors, into pipe lines to their credit, free of cost.

Fourth: To deliver to credit of lessors, free of cost, into the pipe line to which said wells may be connected, in addition to the one-eighth part of the oil produced, as provided for in paragraph one, the further amount of all the first seven sixteenths ($\frac{7}{16}$ths) of all oil produced from said land; provided, however, that said seven sixteenths ($\frac{7}{16}$ths) shall be paid to lessors only until the lessors have been paid 20,000 barrels of oil; such oil to be delivered to the lessors in the pipe line to which said wells may be connected.

In addition to the consideration recited in the lease, Cooper and Henderson, on March 30, 1920, executed and delivered to petitioner R. M. Rogers, N. N. Rosenquest and J. R. Coody, their four unsecured promissory notes, each for the sum of $10,000, with interest at the rate of 8 per cent per annum. The notes matured as follows: the first note, six months after date; the second, January 2, 1921; the third, April 1, 1921, and the fourth, July 1, 1921. On April 7, 1920, Cooper and Henderson assigned the oil lease to the C. H. R. C. Oil Co., a corporation organized under the laws of Arizona. The C. H. R. C. Oil Co., as a part of the consideration for the assignment, assumed and agreed to pay the notes above mentioned. The first note was paid at maturity, the second and third notes shortly after maturity, but at a time not shown by the evidence. The fourth note was paid after maturity, in oil.

In the summer of 1919, C. E. Cooper and R. H. Henderson, migrated from California to Stephens County, Texas. At the time of their arrival in Stephens County, they possessed about $4 between them. They at once set about securing oil leases, nearly all of which were similar in terms to the one herein involved. No cash was paid for any lease but in nearly every lease there was given, as a bonus, the unsecured notes of Cooper and Henderson and also a large amount of the first run of oil. Practically all of the leases were given on undeveloped land. The value of all such notes was speculative. At all times, during the year 1920, the liabilities of Cooper and Henderson were far in excess of their assets.

The C. H. R. C. Oil Co. was organized with a paid-in capital of $25,000. To it were assigned many of the leases secured by Cooper and Henderson and in all cases it assumed their liabilities. At all times the liabilities of the corporation were far in excess of its assets. It operated principally on borrowed money.

There was paid to the petitioner and his wife, in 1920, in satisfaction of their interest in the first note, one-third of $10,400. Of this amount, one-half was attributable to R. M. Rogers, and one-half to Katie Rogers. The remaining three notes aggregating $30,000 had no fair market price or value when received in 1920.

*Judgment will be entered on 20 days' notice, under Rule 50.*

Considered by MARQUETTE and PHILLIPS.